IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-21-D

| | | |
|---|---|---|
| JOHN LASCHKEWITSCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| AMERICAN NATIONAL LIFE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

John B. Laschkewitsch ("Laschkewitsch" or "plaintiff") is a former insurance agent who fraudulently attempted to profit, via numerous life insurance policies, from the illness and death of his brother, Ben, from amyotrophic lateral sclerosis ("ALS"). See, e.g., Laschkewitsch v. Lincoln Life & Annuity Distribs., Inc., 47 F. Supp. 3d 327, 330, 333–39 (E.D.N.C. 2014), appeal dismissed, 616 F. App'x 102 (4th Cir. 2015) (per curiam) (unpublished); Reliastar Life Ins. Co. v. Laschkewitsch, No. 5:13-CV-210-BO, 2014 WL 2211033, at *4–12 (E.D.N.C. May 28, 2014) (unpublished), aff'd, 597 F. App'x 159 (4th Cir.) (per curiam) (unpublished), cert. denied, 136 S. Ct. 593 (2015). In this case, Laschkewitsch seeks a declaratory judgment awarding him $350,000 in life insurance proceeds and declaring that American National Life Insurance Company ("American National Life" or "defendant") committed various torts and statutory violations in refusing to pay the proceeds to him. See Compl. [D.E. 1] ¶¶ 1–173. In response, American National Life alleges that Laschkewitsch is liable for fraud, violations of North Carolina's Unfair and Deceptive Trade Practices Act ("UDTPA"), N.C. Gen. Stat, §§ 75-1 et seq., misrepresentation, and

breach of Laschkewitsch's agent agreement. See Ans. ¶¶ 1–173 & Counterclaims ¶¶ 1–99 [D.E. 6].

On October 12, 2015, American National Life moved for summary judgment [D.E. 25] and filed a supporting memorandum [D.E. 24]. American National Life argues that Laschkewitsch is collaterally estopped from denying his fraudulent conduct. See [D.E. 24]; see also State v. Summers, 351 N.C. 620, 622–23, 528 S.E.2d 17, 20 (2000); Beckwith v. Llewellyn, 326 N.C. 569, 573–74, 391 S.E.2d 189, 191–92 (1990); Thomas M. McInnis & Assocs., Inc. v. Hall, 318 N.C. 421, 426–33, 349 S.E.2d 552, 556–60 (1986); King v. Grindstaff, 284 N.C. 348, 356–60, 200 S.E.2d 799, 805–08 (1973). In support, American National Life notes that the United States District Court for the Eastern District of North Carolina has twice determined that Laschkewitsch knew about his brother Ben's ALS no later than October 2009, but lied on later life insurance policy applications as part of a scheme to defraud life insurance companies. See [D.E. 24] 10–11; Reliastar Life Ins. Co. v. Laschkewitsch, No. 5:13-CV-210-BO, 2014 WL 4825357, at *1 (E.D.N.C. Sept. 25, 2014) (unpublished); Lincoln Life & Annuity Distribs., Inc., 47 F. Supp. 3d at 333–39; Reliastar Life Ins. Co., 2014 WL 2211033, at *4–12. American National Life asks this court to apply collateral estoppel and bar Laschkewitsch from relitigating: (1) that Laschkewitsch and Ben "knew about Ben's ALS by no later than October 2009"; (2) that Laschkewitsch "knew about and failed to disclose that, by January 2010, pending and contemplated life insurance on Ben['s] . . . life exceeded" $3,000,000; (3) that Laschkewitsch "knew about Ben's medical treatments by at least January 2010"; and (4) that Laschkewitsch "engaged in a scheme to profit off the illness and death of his brother, for his sole personal gain, to the tune of $3.9 million." [D.E. 24] 10–11; see Reliastar Life Ins. Co., 2014 WL 4825357, at *1; Lincoln Life & Annuity Distribs., Inc., 47 F. Supp. 3d at 333–39. Moreover, American National Life asks this court to grant summary judgment to American National Life and dismiss Laschkewitsch's claims. See [D.E. 24] 11–24. Finally, American

National Life asks this court to award it summary judgment on its fraud, misrepresentation, UDTPA, and breach-of-agent-agreement counterclaims against Laschkewitsch. See id. 24–29. On November 10, 2015, Laschkewitsch responded in opposition [D.E. 31]. On November 23, 2015, American National Life replied [D.E. 33].

On December 8, 2015, Laschkewitsch moved for summary judgment [D.E. 34] and filed a supporting memorandum [D.E. 35]. Essentially, Laschkewitsch disputes that collateral estoppel applies and argues that he is entitled to summary judgment on his seven claims and on American National Life's four counterclaims. See [D.E. 35] 8–30. On December 28, 2015, American National Life responded in opposition [D.E. 36]. On January 15, 2016, Laschkewitsch replied [D.E. 37].

On March 29, 2016, Laschkewitsch moved in limine to bar evidence and certain allegations in American National Life's motion for summary judgment and response opposing summary judgment [D.E. 38] and filed a memorandum in support [D.E. 39]. On April 18, 2016, American National Life responded in opposition [D.E. 40]. On May 6, 2016, Laschkewitsch replied [D.E. 41].

The court has reviewed Laschkewitsch's motion in limine and the record. The motion in limine is untimely and baseless and is denied. See, e.g., [D.E. 40]; Lincoln Life & Annuity Distribs., Inc., 47 F. Supp. 3d at 332; Reliastar Life Ins. Co., 2014 WL 2211033, at *4. Additionally, the court rejects the inadmissible evidence attached to Laschkewitsch's motion in limine.

As for the motions for summary judgment, the court has reviewed the motions, the admissible evidence, and the entire record under the governing standard. See, e.g., Fed. R. Civ. P. 56; Scott v. Harris, 550 U.S. 372, 378 (2007); Celotex Corp. v. Catrett, 477 U.S. 317, 325–26 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–55 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585–87 (1986). "When cross-motions for summary judgment are before a court, the court examines each motion separately, employing the familiar standard under

3

Rule 56 of the Federal Rules of Civil Procedure." Desmond v. PNGI Charles Town Gaming, L.L.C., 630 F.3d 351, 354 (4th Cir. 2011).

North Carolina law applies to this dispute; therefore, this court must determine how the Supreme Court of North Carolina would rule on the claims and counterclaims. See, e.g., Twin City Fire Ins. Co. v. Ben Arnold-Sunbelt Beverage Co., 433 F.3d 365, 369 (2005). If the state supreme court "has spoken neither directly nor indirectly on the particular issue before [a federal court]," that court must "predict how [the state supreme] court would rule if presented with the issue." Id. (quotations omitted). In making that prediction, the court "may consider lower court opinions[,] . . . treatises, and the practices of other states." Id. (quotation omitted). When predicting an outcome under state law, "a federal court should not create or expand [a] [s]tate's public policy." Time Warner Entm't-Advance/Newhouse P'ship v. Carteret-Craven Elec. Membership Corp., 506 F.3d 304, 314 (4th Cir. 2007) (quotation omitted) (first alteration in original); see Wade v. Danek Med., Inc., 182 F.3d 281, 286 (4th Cir. 1999).

The Supreme Court of North Carolina has held that collateral estoppel can provide a basis for summary judgment and preclude relitigation of issues actually determined in prior litigation. See Beckwith, 326 N.C. at 573–74, 391 S.E.2d at 191–92; Thomas M. McInnis & Assocs., Inc., 318 N.C. at 427–35, 349 S.E.2d at 556–60; King, 284 N.C. at 357–61, 200 S.E.2d at 806–08. Collateral estoppel applies where a party seeks, in a subsequent action, to reopen "identical issues merely by switching adversaries." Beckwith, 326 N.C. at 574, 391 S.E.2d at 191. Specifically, collateral estoppel bars suit where: (1) the issues are the same as those involved in the prior action; (2) the issues were raised and actually litigated in the prior action; (3) the issues were material and relevant to the prior action's disposition; and (4) the determination of those issues was necessary and essential to the judgment in the prior action. See Summers, 351 N.C. at 622–23, 528 S.E.2d at 20; Beckwith,

4

326 N.C. at 573–74, 391 S.E.2d at 191–92; Thomas M. McInnis & Assocs., Inc., 318 N.C. at 436–37, 349 S.E.2d at 561; King, 284 N.C. at 358, 200 S.E.2d at 806.

Lincoln Life & Annuity Distributors, Inc. and Reliastar Life Insurance Co. involved Laschkewitsch as a party and concerned Laschkewitsch's scheme to defraud life insurance companies arising from Ben's illness and death. The court agrees with American National Life that the issues litigated in Lincoln Life & Annuity Distributors, Inc. and Reliastar Life Insurance Co. (1) are the same as those being litigated in this action; (2) were raised and actually litigated in the prior actions; (3) are material and relevant to the disposition of the prior actions; and, (4) the determination of those issues was necessary and essential to the judgment in the prior actions. See, e.g., Lincoln Life & Annuity Distribs., Inc., 47 F. Supp. 3d at 333–38; Reliastar Life Ins. Co., 2014 WL 2211033, at *4–12. Thus, collateral estoppel applies. See, e.g., Summers, 351 N.C. at 622–23, 528 S.E.2d at 20; Beckwith, 326 N.C. at 573–74, 391 S.E.2d at 191–92; Thomas M. McInnis & Assocs., Inc., 318 N.C. at 436–37, 349 S.E.2d at 561; King, 284 N.C. at 358, 200 S.E.2d at 806.

As for defendant's counterclaims, "[r]es judicata and collateral estoppel can be used defensively or offensively." Sawyers v. Farm Bureau Ins. of N.C., Inc., 170 N.C. App. 17, 30–31, 612 S.E.2d 184, 193–94 aff'd per curiam on basis of dissenting opinion 360 N.C. 158, 622 S.E.2d 490 (2005). The court agrees with American National Life that the issues litigated in Lincoln Life & Annuity Distributors, Inc. and Reliastar Life Insurance Co. (1) are the same as the counterclaims in this action; (2) were raised and actually litigated in the prior actions; (3) are material and relevant to the disposition of the prior actions; and, (4) the determination of those issues was necessary and essential to the judgment in the prior actions. See, e.g., Lincoln Life & Annuity Distribs., Inc., 47 F. Supp. 3d at 333–38; Reliastar Life Ins. Co., 2014 WL 2211033, at *4–12. Thus, collateral estoppel applies. See, e.g., Summers, 351 N.C. at 622–23, 528 S.E.2d at 20; Beckwith, 326 N.C.

5

at 573–74, 391 S.E.2d at 191–92; Thomas M. McInnis & Assocs., Inc., 318 N.C. at 436–37, 349 S.E.2d at 561; King, 284 N.C. at 358, 200 S.E.2d at 806. Accordingly, this court grants American National Life's motion for summary judgment and denies Laschkewitsch's motion for summary judgment.

In sum, the court GRANTS defendant's motion for summary judgment based on collateral estoppel [D.E. 25], GRANTS defendant's motion to seal [D.E. 27], GRANTS plaintiff's motion to seal [D.E. 32], DENIES plaintiff's motion for summary judgment [D.E. 34], and DENIES plaintiff's motion in limine [D.E. 38]. The court DISMISSES with prejudice plaintiff's claims and GRANTS summary judgment to defendant on its four claims. Not later than August 31, 2016, defendant American National Life shall submit a proposed schedule for further proceedings concerning an award of damages, attorney's fees, and costs.

SO ORDERED. This _5_ day of August 2016.

JAMES C. DEVER III
Chief United States District Judge