IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-21-D

| | |
|---|---|
| JOHN LASCHKEWITSCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| AMERICAN NATIONAL LIFE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

John Laschkewitsch ("Laschkewitsch" or "plaintiff") is a familiar litigant. See, e.g., Laschkewitsch v. Legal & Gen. Am., Inc., 247 F. Supp. 3d 710, 715–16 (E.D.N.C. 2017). On August 5, 2016, the court granted summary judgment to defendant American National Life Insurance Company ("ANICO") on Laschkewitsch's claims and ANICO's counterclaims, denied Laschkewitsch's motion for summary judgment, and entered judgment in ANICO's favor. See [D.E. 42, 43]. On July 27, 2017, the court awarded ANICO $115,861.41 in attorneys' fees and $3,345.72 in damages, and entered judgment. See [D.E. 55, 56]. On August 24, 2017, Laschkewitsch moved for relief from judgment under Federal Rules of Civil Procedure 60(a) and 60(b)(4) [D.E. 57]. ANICO responded in opposition [D.E. 62], and Laschkewitsch replied [D.E. 65]. As explained below, the court denies Laschkewitsch's motion.

Under Rule 60(a), "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Laschkewitsch's arguments concerning a perceived "mistake arising from oversight or omission" parrot contentions this court rejected when granting summary judgment for

ANICO. The court has reviewed the motion under the governing standard. See Sartin v. McNair Law Firm PA, 756 F.3d 259, 264–66 (4th Cir. 2014); Rhodes v. Hartford Fire Ins. Co., 548 F. App'x 857, 859–61 (4th Cir. 2013) (per curiam) (unpublished); Kosnoski v. Howley, 33 F.3d 376, 379 (4th Cir. 1994). The motion lacks merit and is denied.

Rule 60(b)(4) authorizes the court to "relieve a party or its legal representative from a final judgment" when "the judgment is void." Fed. R. Civ. P. 60(b)(4). According to Laschkewitsch, the judgment entered against him is void because the court lacks subject-matter jurisdiction. The court has reviewed the motion under the governing legal standard. See Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC, 859 F.3d 295, 302 n.3 (4th Cir. 2017); Wendt v. Leonard, 431 F.3d 410, 412–13 (4th Cir. 2005); Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817 (4th Cir. 2004); Schwartz v. United States, 976 F.2d 213, 217 (4th Cir. 1992). The motion lacks merit and is denied.

Finally, to the extent Laschkewitsch seeks relief from the judgment of July 27, 2017, under Rule 59(e),[1] the motion does not meet the governing legal standard under Rule 59(e). See Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012); Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007); Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998); Hutchinson v. Staton, 994 F.2d 1076, 1081–82 (4th Cir. 1993). Thus, the motion is denied.

In sum, the court DENIES Laschkewitsch's motion for relief from judgment [D.E. 57]. The court GRANTS Laschkewitsch's motion to seal [D.E. 61].

SO ORDERED. This 11 day of October 2017.

JAMES C. DEVER III
Chief United States District Judg

---

[1] See Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978).

2