IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-21-D

| | | |
|---|---|---|
| JOHN LASCHKEWITSCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| AMERICAN NATIONAL LIFE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

John Laschkewitsch ("Laschkewitsch" or "plaintiff") is a familiar litigant. See, e.g., Laschkewitsch v. Legal & Gen. Am., Inc., 247 F. Supp. 3d 710, 715–16 (E.D.N.C. 2017), aff'd, 725 F. App'x 252 (4th Cir. 2018) (per curiam) (unpublished). On August 5, 2016, the court granted summary judgment to defendant American National Life Insurance Company ("ANICO"), denied Laschkewitsch's motion for summary judgment, and entered judgment in favor of ANICO. See [D.E. 42, 43]. On July 27, 2017, the court awarded ANICO $115,861.41 in attorneys' fees and $3,345.72 in damages and entered judgment. See [D.E. 55, 56].

On August 24, 2017, Laschkewitsch moved for relief from judgment under Federal Rules of Civil Procedure 60(a) and 60(b)(4) [D.E. 57] and filed a memorandum in support [D.E. 58]. On October 11, 2017, the court denied Laschkewitsch's motion for relief [D.E. 66]. On November 7, 2017, Laschkewitsch appealed to the United States Court of Appeals for the Fourth Circuit [D.E. 67]. On June 4, 2018, the Fourth Circuit affirmed the court's order and final judgment [D.E. 70, 71]. On September 1, 2018, Laschkewitsch filed a petition for certiorari in the United States Supreme Court [D.E. 73]. On December 3, 2018, the Supreme Court denied Laschkewitsch's petition [D.E. 74].

On March 4, 2019, Laschkewitsch moved for relief from the court's final judgment under Federal Rules of Civil Procedure 60(a) and 60(b)(1) [D.E. 79] and filed a memorandum in support [D.E. 80]. On March 26, 2019, ANICO responded in opposition [D.E. 85]. On April 15, 2019, Laschkewitsch replied [D.E. 87]. As explained below, the court denies Laschkewitsch's motion.

Rule 60(a) authorizes the court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). In his latest motion, Laschkewitsch does not identify a clerical mistake or a mistake arising from oversight or omission, but he instead reiterates arguments that this court has rejected. See [D.E. 87] 5–6. The court has reviewed the motion under the governing standard. See Sartin v. McNair Law Firm PA, 756 F.3d 259, 264–66 (4th Cir. 2014); Rhodes v. Hartford Fire Ins. Co., 548 F. App'x 857, 859–60 (4th Cir. 2013) (per curiam) (unpublished); Kosnoski v. Howley, 33 F.3d 376, 379 (4th Cir. 1994). The motion lacks merit and is denied.

Rule 60(b)(1) authorizes the court to "relieve a party or its legal representative from a final judgment" because of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). To obtain relief under Rule 60(b), a moving party must first demonstrate that its motion is timely, that it has a meritorious claim or defense, that the nonmoving party will not suffer unfair prejudice from setting aside the judgment, and that exceptional circumstances justify relief. See, e.g., Robinson v. Wix Filtration Corp., 599 F.3d 403, 412 n.12 (4th Cir. 2010); Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993). If the moving party does so, the moving party must also "satisfy one of the six enumerated grounds for relief under Rule 60(b)." Gray, 1 F.3d at 266. Laschkewitsch meets none of Rule 60(b)'s threshold requirements for relief. Accordingly, the court denies the motion.

Alternatively, the court has reviewed Laschkewitsch's motion under the governing legal

standard. See Robinson, 599 F.3d at 412–13; Park Corp. v. Lexington Ins. Co. 812 F.2d 894, 896–97 (4th Cir. 1987). Even assuming without deciding that Laschkewitsch could meet Rule 60(b)'s threshold requirements for relief, his motion lacks merit. Moreover, a motion under Rule 60(b)(1) must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1); see Werner v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984). Laschkewitsch filed his latest motion well beyond that date. Thus, his motion is untimely. Accordingly, the court denies Laschkewitsch's motion.

In sum, the court DENIES Laschkewitsch's motion for relief from judgment [D.E. 79].

SO ORDERED. This 2 day of May 2019.

JAMES C. DEVER III
United States District Judge